UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:12-CR-137-DPJ-FKB

JOVONNY LAMAR FUNCHESS

ORDER

Defendant Jovonny Lamar Funchess asks the Court to "take three months off [his]

sentence" under 18 U.S.C. § 3582(c)(1)(A).  Because he did not exhaust as required by the

statute, his motion is denied.

I.      Facts and Procedural History

On June 10, 2013, Funchess pleaded guilty to attempting to possess with intent to

distribute 500 grams or more of a mixture or substance containing a detectable amount of

cocaine hydrochloride.  On August 29, 2013, the Court sentenced Funchess to a 60-month term

of incarceration to be followed by a five-year term of supervised release.  Following the

completion of his term of incarceration, Funchess violated the terms of his supervised release,

and on March 5, 2020, the Court sentenced Funchess to an eight-month term of incarceration.

Funchess is currently serving that term at the medium-security facility in Yazoo City,

Mississippi.  According to the BOP website, Funchess is projected to be released on October 3,

2020.

Funchess, a 40-year-old African-American male, filed a pro se motion for compassionate

release on June 4, 2020.  He asks the Court to release him from his incarceration so that he can

spend time with his daughters, work to "be able to pay [his] house taxes before [he] lo[]se[s] it,"

"enroll[] in school to get [his] HVAC license," and "sign up for AAA meetings to help [him]

with [his] drinking problem." Mot. [182] at 1–2. The Government opposes Funchess's motion,

and, through appointed counsel, Funchess filed a timely reply.

II.     Analysis

The threshold issue is whether the Court has authority to consider Funchess's motion. He

invokes 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The court may not modify a term of imprisonment once it has been imposed
> except that . . . the court, upon motion of the Director of the Bureau of Prisons, or
> upon motion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
> on the defendant's behalf or the lapse of 30 days from the receipt of such a
> request by the warden of the defendant's facility, whichever is earlier, may reduce
> the term of imprisonment (and may impose a term of probation or supervised
> release with or without conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if it finds that . . .
> extraordinary and compelling reasons warrant such a reduction . . . .

The Fifth Circuit recently construed the statute's exhaustion requirement, concluding that

exhaustion under the statute "*is* mandatory." *United States v. Franco*, No. 20-60473, 2020 WL

5249369, at *1 (5th Cir. Sept. 3, 2020). Thus, "[t]hose who seek a motion for compassionate

release . . . must first file a request with the BOP." *Id.* at *3.

Funchess's original pro se motion does not indicate whether he made such a request. In

its response, the Government explains that "[o]n June 8, 2020, BOP confirmed that it had no

indication that Defendant filed an administrative request for compassionate release." Resp. [186]

at 8. In his reply, Funchess argues that, when he gave his unit manager his original, May 27,

2020 pro se motion for mailing to the Court, he in effect "handed his letter to the Warden

himself." Reply [202] at 3. In other words, he contends that handing the unit manager a letter

addressed to the undersigned satisfied his obligation to "submit a request to 'the Bureau of

Prisons to bring a [compassionate-release] motion on the defendant's behalf.'" *Franco*, 2020

WL 5249369, at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Funchess's argument is a non-starter.  Nothing in the May 27, 2020 letter indicates that Funchess was asking BOP to file a compassionate-release motion on his behalf.  Instead, the two-page letter, addressed to the undersigned, asks the Court to "take three months off [Funchess's] sentence," and promises that, once Funchess is released, the Court "will never see [him] in . . . court again."  Mot. [182] at 1, 2.  Funchess was required to file a request with BOP before filing a motion under 18 U.S.C. § 3582(c)(1)(A).  Nothing in the record suggests he did, so the Court cannot grant his motion.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Funchess's compassionate-release motion [182] is denied for failure to exhaust.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2020.

s/ *Daniel P. Jordan III*_____
CHIEF UNITED STATES DISTRICT JUDGE